## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN K. SCOTT, # B-87141, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 12-cv-01242-GPM** |
| | ) | |
| MARSHA WOOD, R. LYNCH, | ) | |
| L. WINSOR, J. EVANS, | ) | |
| GINA ALLEN, SANDRA FUNK | ) | |
| and S. A. GODINEZ, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff, Benjamin Scott, is currently incarcerated at Henry C. Hill Correctional Center ("Hill") and has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a seven year sentence for multiple convictions, including aggravated discharge of a firearm and aggravated unlawful restraint. His claims arose while he was housed at Big Muddy River Correctional Center ("BMR") (Doc. 1, p. 7). Plaintiff claims that numerous defendants retaliated against him for reporting discrimination in BMR's substance abuse treatment program. In addition to his retaliation claims, Plaintiff asserts statutory claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-213, and/or Rehabilitation Act ("RA"), 29 U.S.C. § 794. Plaintiff seeks declaratory judgment, injunctive relief, and punitive damages (Doc. 1, pp. 1, 17).

Specifically, Plaintiff asserts that Defendants retaliated against him for complaining on October 28, 2010, about the use of religious literature and racial discrimination in BMR's substance abuse treatment program ("program") (Doc. 1, p. 7). Defendant Wood, BMR's

1

program manager, threatened to transfer Plaintiff to a different facility if his complaints persisted.   On November 2, 2010, Plaintiff was discharged from the program and transferred from his housing unit (Doc. 1, pp. 7-8).

The same day, Plaintiff filed a formal grievance regarding these events (Doc. 1, p. 8). Defendant Lynch, a BMR correctional counselor, denied the grievance in a response Plaintiff received on December 10, 2010 (Doc. 1, p. 9).   In doing so, Defendant Lynch reasoned that Plaintiff failed to comply with the treatment plan and program from September through November 2010.   Plaintiff disputes these contentions, claiming instead that Defendants Wood and Lynch retroactively falsified his program records to reflect rule violations for which he was never afforded a hearing (Doc. 1, p. 11).

On December 15, 2010, Plaintiff was transferred from BMR to a facility with no substance abuse treatment program (Doc. 1, p. 10).   Defendant Lynch told Plaintiff that he was transferred for filing the grievance.   Plaintiff, who has been diagnosed with ADHD, mood disorder, anxiety disorder (with symptoms of PTSD), and has a history of substance abuse, claims that he is covered by the ADA, qualifying him for access to rehabilitative services, including substance abuse treatment (Doc. 1, p. 12).   Plaintiff's request for a transfer to a facility with these services has been wrongfully denied, based on his falsified program records (Doc. 1, p. 15).

Plaintiff now asserts a retaliation claim against Defendants Wood (BMR program manager), Lynch (BMR correctional counselor), and Winsor (BMR program administrator) for discharging Plaintiff from the program and transferring him to another correctional facility in retaliation for his use of the grievance system (Doc. 1, p. 13).   Plaintiff also claims that Defendants Wood and Lynch falsified his program records to erroneously reflect rule violations

that, ultimately, disqualified him from receiving treatment (Doc. 1, p. 11). Plaintiff sues Defendants Evans (BMR warden) and Godinez (Illinois Department of Corrections ("IDOC") director) for their failure to correct Defendants Wood, Lynch, and Winsor's misconduct (Doc. 1, p. 14). Additionally, he sues Defendants Godinez and Funk (IDOC transfer coordinator) for their denial of his transfer request because the denial was predicated upon false records of his rule violations (Doc. 1, p. 15). Finally, Plaintiff sues Defendant Allen (IDOC inmate issues/ administrative review board employee) for denying receipt of his grievance (Doc. 1, p. 16).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting the allegations as true, the Court finds that Plaintiff has articulated a colorable retaliation claim against Defendants Wood, Lynch, and Winsor (Count 1).

The Court also finds, at this early stage, that Plaintiff has stated an actionable claim under the ADA (Count 2) and RA (Count 3). This is so, despite the fact that he only referred to the ADA in his complaint (Doc. 1, p. 12). The Court is required to analyze a pro se litigant's claims, not just his legal theories. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citations omitted). Here, Plaintiff claims he was covered under the ADA but unlawfully denied access to rehabilitative services (Doc. 1, p. 12). The ADA may not be available to Plaintiff because "it is an open question whether state officers are immune from suits under the Act." *Id.* (citing *United States v. Georgia*, 546 U.S. 151, 158-59 (2006)). However, the relief available to Plaintiff under the RA and ADA is coextensive. *Jaros v. Ill. Dept. of Corr.*, 684 F.3d 667 (7th Cir. 2012). In the context of this lawsuit, the analysis governing the RA and ADA claims is the same, except that the RA includes as an additional element the receipt of federal funds. *Id.* at 671. Plaintiff has pled sufficient facts to meet this additional requirement. In his complaint, Plaintiff sued the

defendants in their individual and official capacities, so this lawsuit is against a state agency, i.e., the IDOC.  The IDOC receives federal financial assistance, which brings the agency within the scope of the RA.  29 U.S.C. § 794.  Defendant Godinez, as the IDOC director, is the appropriate party defendant for this claim.  Although additional facts are clearly necessary to fully analyze Plaintiff's ADA and RA claims, the court cannot dismiss these claims at this early stage under 28 U.S.C. § 1915A.  Accordingly, Plaintiff can proceed with his ADA and RA claims in Counts 2 and 3 against Defendant Godinez.

These claims shall include consideration of Plaintiff's request for injunctive relief, in the form of a transfer to a facility offering substance abuse treatment.  Defendant Godinez has the authority to order such a transfer.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).  However, Defendants Evans and Funk shall be dismissed from this action.  Because Plaintiff is no longer housed at BMR, Defendants Evans and Funk have no authority to order Plaintiff's transfer.

Further, Plaintiff has failed to state an actionable retaliation claim against Defendants Godinez, Evans, and Funk (Count 4).  "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  Plaintiff has failed to assert any allegations suggesting that Defendants Godinez, Evans, or Funk had any personal involvement in a constitutional deprivation or retaliation. They cannot be held liable for failing to "correct" the unconstitutional action of Defendants Wood, Lynch, or Winsor, because they had no personal involvement in that alleged retaliation.  For the same reason, they cannot be

held liable for authorizing Plaintiff's transfer to a different facility.  This claim shall be dismissed with prejudice.

Finally, Plaintiff's claim against Defendants Allen and Funk for mishandling his grievance/transfer request shall be dismissed (Count 5).  Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se.  The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  This claim shall also be dismissed with prejudice.

## Pending Motions

Plaintiff's motion for appointment of counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further consideration.

## Disposition

COUNTS **4** and **5** are **DISMISSED with prejudice**.

**DEFENDANTS ALLEN, EVANS,** and **FUNK** are **DISMISSED** from this action **with prejudice**.

As to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for **DEFENDANTS GODINEZ, LYNCH, WINSOR,** and **WOOD**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the

forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**  March 12, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge