IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN K. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-1242-MJR-DGW |
| | ) | |
| MARSHA WOOD, R. LYNCH, L. WINSOR, and S. A. GODINEZ | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Appoint Counsel filed by Plaintiff, Benjamin K. Scott on December 30, 2013 (Doc. 45), the Motion for Extension of Time to Complete Discovery filed by Plaintiff on January 8, 2014 (Doc. 49), and the Motion for Extension of Time to File Response filed by Plaintiff on January 15, 2014 (Doc. 51).   The Motion to Appoint Counsel is **DENIED** and the Motions for Extension of Time are **GRANTED IN PART**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter.   See *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).   However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so).   *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case –

factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff indicates that he has made an attempt to secure counsel without Court assistance by mailing a letter to a number of attorneys and legal entities (Doc. 47). While Plaintiff does not state what responses, if any, he received, this Court finds that he has made a sufficient attempt to secure counsel. Normally, an inmate requesting counsel would submit a form "Motion for Recruitment of Counsel." In this case, Plaintiff has filed a motion indicating that he has no legal knowledge, that he has limited access to a law library, and that he would like one of three particular attorneys appointed to represent him. Counsel will not be recruited in this matter. The Court has reviewed the transcript of Plaintiff's deposition in this matter (Doc. 43-2) wherein Plaintiff indicates that he has some college education. The transcript also shows that Plaintiff is capable of understanding English and that he is capable of following directions. Plaintiff is also capable of seeking relief and articulating the bases for relief. The claims in this case are not overly complicated and it is unlikely that any expert discovery will be required. Notwithstanding Plaintiff's lack of legal education and limited access to a law library (neither of which is unusual), Plaintiff appears capable of representing himself without the assistance of counsel.

Plaintiff seeks two extensions of time, one extension to file "motions for discovery" (which the Court construes as seeking an extension of the discovery deadline) and another extension of

time to respond to the Motions to Compel and for Sanctions (Doc. 43, 48).  This matter currently is set for a jury trial on October 14, 2014.  Accordingly, the following is hereby **ORDERED**:

1. Plaintiff is **GRANTED** until February 28, 2014 to respond to the Motions to Compel and for Sanctions.

2. The Discovery deadline is **RESET** to March 31, 2014.  Plaintiff is informed that if he seeks discovery, he must serve his interrogatories and/or requests to produce upon Defendants and shall not file them with the Court; only requests to admit shall be filed.  Plaintiff is directed to Federal Rules of Civil Procedure 26 through 37 for the discovery rules.  The Court expects compliance with those rules.

3. The Dispositive Motion Filing Deadline is **RESET** to April 25, 2014.

4. A Final Pretrial Conference is **SET** for **September 9, 2014 at 2:00 p.m.** before the undersigned in the East St Louis Courthouse.  Defendants shall appear by counsel, Plaintiff shall appear by videoconference.

**IT IS SO ORDERED.**

**DATED: January 17, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**