IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN K. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-1242-MJR-DGW |
| | ) | |
| MARSHA WOOD, RICHARD LYNCH, | ) | |
| ANGELA WINSOR, and S.A. GODINEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Compel and For Sanctions filed by Defendants, Richard Lynch, Angela Winsor, and S.A. Godinez, on December 23, 2013 (Doc. 43), the Motion to Compel and for Sanctions filed by Defendant Marsha Wood, on December 30, 2013 (Doc. 48), the Motion to Dismiss, Terminate, Strike, and for Sanctions filed by Plaintiff, Benjamin K. Scott, on February 11, 2014 (Doc. 53), the Motion for Extension of Time filed by Plaintiff on March 24, 2014 (Doc. 56), the Motion for Extension of Time to Complete Discovery filed by Defendants, Godinez, Lynch, and Winsor, on March 24, 2014 (Doc. 57), and the Motion for Extension of Time to Complete Discovery filed by Defendant Wood on March 24, 2014 (Doc. 58). For the reasons set forth below, Defendants' Motions to Compel and for Sanctions (Docs. 43 and 48) are **GRANTED IN PART**, Plaintiff's Motion to Dismiss, Terminate, Strike and for Sanctions (Doc. 53) is **DENIED**, Plaintiff's Motion for Extension of Time (Doc. 56) is **DENIED**, and Defendants' Motions for Extension of Time (Doc. 57 and 58) are **GRANTED**.

**BACKGROUND**

On October 1, 2013, Defendants[1] issued a notice of deposition upon the parties, noticing Plaintiff's deposition for November 27, 2013 at 10:00 a.m.   The deposition was to take place at the Sheridan Correctional Center, where Plaintiff is currently incarcerated.   The deposition occurred as scheduled; however, Plaintiff provided non-responsive answers to various questions that are relevant to this lawsuit.   For example:

Q.  Yeas.   So you're comfortable reading and writing that you would understand if I showed you a document in English today?

A.  It's plausible.

Q.  Okay.   And we're currently at Sheridan Correctional Center, is that right?

A.  Yes.

Q.  And can you tell me, you know, where you were before that?

A.  Where I was before this?

Q.  Um-hum.

A.  The Henry Hill Correctional Center.

Q.  Okay.   And before that?

A.  It's not relevant, sir.

Q.  So it's –

A.  Objection.

Q.  Okay.   Where were you housed at the time the incidents in your complaint occurred?

A.  For the record, please see my complaint.   I object to that.   Please see my complaint.   That would be my answer, sir.

---

[1] Defendant Wood is represented by attorneys from the firm Sandberg, Phoenix and Defendants Lynch, Winsor, and Godinez are represented by an Assistant Attorney General (Illinois).

Q.  Okay.  I just want to, couple more background questions.  Do you have any training in substance abuse therapy?

A.  Not relevant, sir.

Q.  You're not a psychiatrist?

A.  Not relevant, sir.

(Benjamin Scott Dep. pp. 10-11, Doc. 43-2, p. 4).

While Plaintiff answered some questions without objection, he responded to a number of questions by referring to his complaint, by objecting, or by providing rambling non-responsive answers (to direct questions).  Defendants also served a set of nine interrogatories upon Plaintiff on October 22, 2013 (Doc. 43-4, p. 15).[2]  Plaintiff responded on November 19, 2013 and objected to each interrogatory as being either overly broad or argumentative (Doc. 43-4, pp 1-3).  Interrogatory questions include: "1. State with specificity all claims made against the Defendants in your Complaint . . . ."; and, "5.  Were there any persons who witnessed the alleged incidents involved in your claim(s) against Defendants? . . ." (Doc. 43-4, pp. 5, 9).

Defendants argue that Plaintiff's failure to appropriately respond to relevant discovery has hampered their ability to defend this matter.  They seek sanctions, costs, an Order directing Plaintiff to cooperate, and/or dismissal of this lawsuit.  On January 17, 2014, this Court issued an Order denying Plaintiff's request for counsel and directing him to respond to Defendants' motions by February 28, 2014 (Doc. 52).

Instead of filing a response, Plaintiff elected to file a motion in which he indicated that he is attempting to comply with discovery requests to the best of his ability.  Plaintiff also states

---

[2] Defendant Wood has not provided a copy of the interrogatories that she served.  The Court assumes that they are similar to those propounded by the other Defendants (although they number seventeen) (Doc. 48-2, pp. 1-2).

(among other things) that Defendants have made "false allegations" in their Motion with respect to the timeliness of his interrogatory responses and that Defendants' counsels spoke with a correctional officer and that he overheard them suggesting that Plaintiff be placed in segregation for failing to answer questions.   All Defendants deny that they made any false allegations or that they spoke to a correctional officer regarding where Plaintiff would be housed.   From this Court's reading of the deposition and the documents filed in this matter, it is highly unlikely, if not impossible, that any of the attorneys involved in this matter would misrepresent matters to the Court or conspire with jail officials to place Plaintiff in segregation because of his participation in this lawsuit.

### DISCUSSION

Federal Rule of Civil Procedure 30 governs the manner in which depositions will occur. The Rule provides that "the examination and cross-examination of a deponent proceed as they would at trial . . ." and that while objections may be noted, "the examination still proceeds; the testimony is taken subject to any objection."   FED.R.CIV.P 30(c)(1) and (2).   There are only three instances when a deponent may not answer a question: when it is necessary to preserve a privilege, when the Court has imposed a limitation, or when the party intends to file a Rule 30(d)(6) motion. *Id.* at 30(c)(2).   A Rule 30(d)(6) motion can be filed to terminate a deposition if it is conducted in bad faith or if it is conducted in a manner "that unreasonably annoys, embarrasses, or oppresses the deponent or party."   If a deponent "impedes, delays, or frustrates the fair examination," this Court may impose sanctions including reasonable attorney fees and costs.   *Id.* at 30(d)(2).   With respect to interrogatories, they must be responded to "separately and fully in writing under oath" and any objections must be "stated with specificity."   *Id.* at 33(b).

Plaintiff failed to comply with Rule 30(c) in that he unjustifiably provided non-responsive

answers to deposition questions.   Merely referring a party to a complaint (which is not evidence) is an insufficient response to specific deposition questions.   Objecting or "pleading the Fifth" also are insufficient answers.   This is not a criminal matter nor can Plaintiff fail to respond merely because he objects.   Plaintiff must respond to questions as if he was testifying at trial.   Plaintiff's responses to interrogatories also are insufficient.   Offering blanket objections does not comply with the specificity requirements of Rule 33(b).   From the Court's perusal of the deposition and interrogatories, Defendants are not attempting to annoy or harass Plaintiff, they are merely attempting to acquire relevant information with respect to Plaintiff's claims; and, Plaintiff is **obligated** to provide that information under the Federal Rules of Civil Procedure.

However, this Court will not impose or recommend sanctions pursuant to Rule 37(a)(5) at this time.   The sanction of dismissal for a discovery abuse is generally reserved for when "the party's actions display[ ] willfulness, bad faith, or fault" and must be "proportionate to the circumstances."   *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).   In this case, while Plaintiff failed to comply with Rules 30 and 33, his conduct does not necessitate the severe sanction of dismissal.   Rather, the following is hereby **ORDERED:**

    1. Plaintiff **SHALL** respond to all of Defendants' interrogatories, in full and without objection, by **May 2, 2014**.   Failure to respond fully and without objection by the deadline **SHALL** result in a recommendation that sanctions be imposed. The Court suggests that Plaintiff immediately work on his responses and serve them upon Defendants prior to this deadline as it will not be extended.

    2.   Defendants are **GRANTED** leave to re-depose Plaintiff.   The Defendants may use the Court's facilities to conduct the deposition by video-conference, if that is convenient, economical, and desirable.   Plaintiff is **INSTRUCTED** to respond to each and every deposition question directly, fully, and without objection.   Failure to comply with Rule 30 **SHALL** result in a recommendation that sanctions be imposed.

    3.   The discovery deadline in this matter is extended to **June 13, 2014**. Defendants are **GRANTED** until April 21, 2014 to respond to Plaintiff's discovery

requests.

4.   The dispositive motion filing deadline is extended to **June 30, 3014**.   In light
of the trial date, it is unlikely that either this date or the discovery deadline will be
extended absent extraordinary circumstances.

In light of the foregoing, Plaintiff's request to file a reply brief in support of his motion

(Doc. 56) is unnecessary.

**IT IS SO ORDERED.**

**DATED: March 25, 2014**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**

6