IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN K. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-1242-NJR-DGW |
| | ) | |
| MARSHA WOOD, R. LYNCH, L. WINSOR, | ) | |
| and S.A. GODINEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's continued failure to cooperate with discovery and comply with the Orders of this Court. For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

On March 25, 2014, this Court granted in part motions to compel (Docs. 43 and 48) related to Plaintiff's failure to answer deposition questions and interrogatories consistent with the Federal Rules of Civil Procedure. Plaintiff was ordered to respond to Defendants' interrogatories, without objection and in full, and Defendants were granted leave to re-depose Plaintiff. Plaintiff was warned of the consequences of failing to comply (namely, sanctions). Plaintiff failed to heed this Court's instructions and warnings. In particular, Plaintiff continued to offer objections and unresponsive answers to the propounded interrogatories (Doc. 98). Accordingly, this Court

recommended various sanctions, including the striking of portions of Plaintiff's complaint, and recommended that another deadline for Plaintiff to respond to the interrogatories without objection be set. Those recommendations were adopted by the District Court on December 23, 2014 (Doc. 110) and Plaintiff was ordered to respond to Defendants' interrogatories by January 13, 2015.

As set forth in this Court's April 2, 2015 Order (Doc. 119):

At the time of the [December 23, 2014] Order, Plaintiff was incarcerated at the Sheridan Correctional Center. It appears that Plaintiff did not receive the Order while incarcerated. Plaintiff submitted a change of address notice on January 5, 2015 (Doc. 111) that was dated December 29, 2014 indicating that he was released from prison. The December 23, 2014 Order was resent to Plaintiff, at his new address, on January 22, 2015, after the deadline had expired. Plaintiff filed an "objection" to the Order on February 6, 2014 in which he complains of various actions by non-parties which are not relevant to this action (Doc. 114). At no point in the "objection" does Plaintiff indicate when he will be responding to Defendants' discovery requests.

Plaintiff was granted more time to respond to the interrogatories and the deadline was extended to April 17, 2015 in light of the foregoing. This Court further indicated that Defendants should file a notice with the Court, by April 24, 2015, indicating Plaintiff's compliance with discovery and that sanctions would be reconsidered in light of that notice.

On April 24, 2015, Defendant Marsha Wood informed the Court that Plaintiff did not serve responses to her interrogatories (Doc. 121). On April 27, 2015, Defendants Richard Lynch, Angela Winsor, and S.A. Godinez informed the Court that Plaintiff did not serve responses to their interrogatories (Doc. 122). Plaintiff has not filed any document or motion offering any explanation or excuse for failing to comply with this Court's Orders.[1]

---

[1] Plaintiff has only attempted to e-mail requests to the Court and Defendants. Such e-mails do not constitute filings as contemplated by Rules 5, 7, and 11 and will not be considered by the Court.

**CONCLUSIONS OF LAW**

Plaintiff is, again, in violation of Federal Rule of Civil Procedure 37(b) and additional sanctions should issue. Rule 37(b)(2) provides that if "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Other just orders can include various sanctions: "striking pleadings in whole or in part," "dismissing the action or proceeding in whole or in part," or "treating as contempt of court the failure to obey any order . . . ." *Id.* at (2)(A)(iii), (v), and (vii). Moreover, "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make and award of expenses unjust." *Id.* at (2)(C). This Court is granted "wide latitude in fashioning appropriate sanctions" for discovery violations. *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011) (quotation marks and citation omitted). The sanction of dismissal is appropriate if this Court finds that Plaintiff has displayed willfulness or bad faith and lesser sanctions are appropriate if Plaintiff failed to comply with the Orders of the Court for some other reason. *Id.* The sanction of dismissal for a discovery abuse is generally reserved for when "the party's actions display[ ] willfulness, bad faith, or fault" and must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

Plaintiff has been given multiple opportunities to comply with discovery. He has been given multiple deadlines to respond to discovery requests and has failed to comply. Less severe sanctions than dismissal have been imposed to no avail. Allowing Plaintiff to continue to litigate this matter, when he has shown an obstinate refusal to comply with the Rules and Orders of this Court, would waste not only Defendants' time and resources, but also the resources of this Court. No further action should be taken on Plaintiff's claims and they should be dismissed with

prejudice. Monetary sanctions should not be imposed because Plaintiff is indigent and newly released from prison.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 6, 2015**

                              **DONALD G. WILKERSON**
                              **United States Magistrate Judge**