IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN K. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:12-CV-01242-NJR-DGW |
| | ) |
| MARSHA WOOD, R. LYNCH, | ) |
| L. WINSOR, and S. A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson recommending dismissal of Plaintiff Benjamin K. Scott's civil rights action for continued failure to cooperate with discovery and comply with Orders of this Court. The Report and Recommendation was entered on May 6, 2015. No objections have been filed. For the reasons stated below, the Court adopts the Report and Recommendation of Magistrate Judge Wilkerson, and dismisses this case with prejudice.

### BACKGROUND

At the time Plaintiff Benjamin K. Scott filed this lawsuit, he was an inmate in the custody of the Illinois Department of Corrections. Plaintiff's lawsuit alleges deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff claims that Defendants S.A. Godinez, Richard Lynch, Angela Winsor, and Marsha Wood

retaliated against him for reporting discrimination in Big Muddy River's substance abuse treatment program. Additionally, Plaintiff asserts statutory claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12111-213, and/or Rehabilitation Act, 29 U.S.C. § 794.

On March 25, 2014, this Court granted, in part, motions to compel (Docs. 43 and 48) related to Plaintiff's failure to answer deposition questions and interrogatories consistent with the Federal Rules of Civil Procedure (*See* Doc. 59). Plaintiff was ordered to respond to Defendants' interrogatories, without objection and in full, and Defendants were granted leave to re-depose Plaintiff. Plaintiff was warned of the consequences of failing to comply. Between March 2014 and September 2014, however, Plaintiff continued offering objections and unresponsive answers to the propounded interrogatories. As a result, Defendants filed several motions for sanctions (Docs. 69, 70, and 91). On December 23, 2014, Plaintiff was once again ordered to respond to Defendants' interrogatories (Doc. 110).

On April 2, 2015, this Court granted Plaintiff additional time to respond to the interrogatories; extending the deadline to April 17, 2015 (Doc. 119). The Court further indicated that Defendants should file a notice with the Court by April 24, 2015, indicating Plaintiff's compliance with discovery. The Court warned that sanctions would be reconsidered in light of that notice.

On April 24, 2015, Defendant Wood informed the Court that Plaintiff failed to serve responses to her interrogatories (Doc. 121). On April 27, 2015, Defendants Lynch, Winsor, and Godinez also informed the Court that Plaintiff did not serve responses to

their interrogatories (Doc. 122). Magistrate Judge Wilkerson entered the Report and Recommendation currently before the Court on May 6, 2015, recommending that this matter be dismissed as a sanction for Plaintiff's continued violation of Federal Rule of Civil Procedure 37(b). To date, Plaintiff has not filed any document or motion offering any explanation or excuse for failing to comply with this Court's Orders.

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation and agrees with his conclusion that Plaintiff's case should be dismissed. Here, the record reveals a pattern of willful disregard for discovery rules, given Plaintiff's failure to answer interrogatories despite several orders from this Court requiring him to do so. Plaintiff has been afforded multiple opportunities to comply with discovery. The Court agrees with Magistrate Judge Wilkerson that Plaintiff should

not be permitted to continue to litigate this matter when he has shown an obstinate refusal to comply with the Rules and Orders of this Court. Defendants are not obligated to endlessly re-propound discovery requests in the hopes that one day Plaintiff will respond. Nor is the Court obligated to continue setting dates waiting for Plaintiff to decide he wants to fully participate in discovery.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 126). This action is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: May 29, 2015**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL
United States District Judge**